### Woodbran Realty
### v.
### Orange Village
*[Cite as 2 AOA 380]*

*Case No. 56766*
*Cuyahoga County, (8th)*
*Decided March 22, 1990*

*Art. XVIII, §4 O. Const.*
*R.C. 4933.01*

*Joseph B. Jerome, Esq. 1375 Euclid Avenue, No. 400 Cleveland, OH 44114, For Plaintiffs-Appellants.*

*Raymond Costanzo, Esq. 13317 Madison Avenue, Lakewood, OH 44107, For Defendants-Appellees.*

SWEENEY, J.

Plaintiff-appellant Woodbran Realty Corporation filed a complaint against appellee Orange Village, Ohio ("Village") seeking a declaration of appellant's rights under R. C. 4933.01 to extend its sewer lines in certain

streets of the Village, a declaration of its rights under the due process clauses of the U.S. and Ohio Constitutions, injunctive relief, and monetary damages. The trial court granted summary judgment in favor of appellee on October 24, 1988. Appellant now timely appeals, raising three assignments of error for our review. For the following reasons, we affirm the decision of the trial court.

The facts material to appellee's summary judgment motion were not in dispute in the trial court. Appellant is a licensed private-public utility. It provides services to the Villages of Orange, Woodmere, Pepper Pike and the City of Beachwood pursuant to a Certificate of Public Convenience and Necessity ("Certificate") issued to the Public Utilities Commission of Ohio ("PUCO"). Appellant is the only public utility currently providing sewer services in Orange Village. Since 1985, appellant has received requests for sanitary sewer service from residents and property owners in areas within the Village's municipal limits where appellant's sewer lines do not currently extend. Thereafter, on July 11, 1986, appellant sent a letter to the Village asking that it begin the necessary approval process for appellant to extend its sewer lines throughout the municipality to serve those residents. Appellee's law director prepared an ordinance reflecting this request for submission to the municipal legislative process.

This ordinance (know as the Woodbran Ordinance") was introduced to the Village's Council in August 1986 and was promptly referred to the Village planning and zoning commission pursuant to requirements of the Village's Charter, Article 3, Section 12. On June 9, 1987, the planning and zoning commission unanimously recommended disapproval of the Woodbran Ordinance.

The ordinance was set for consideration by Council at its regular meeting in August 1987. At that meeting, the Woodbran Ordinance was removed from the council agenda and, instead, Ordinance No. 1987-52 ("Singer Ordinance") was introduced for consideration. The Singer Ordinance authorized a study of alternatives for the installation of sanitary sewers for a portion of the municipality. Council adopted the Singer Ordinance on August 18, 1987. To date, council has not formally acted on the proposed Woodbran Ordinance.

Based on the foregoing, the trial court entered final judgment for appellee on the complaint. For the following reasons, we affirm the lower court's decision.

### ASSIGNMENT OF ERROR I
THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT VILLAGE OF ORANGE ON PLAINTIFF WOODBRAN REALTY CORPORATION'S COMPLAINT, COUNTS ONE THROUGH SEVEN.
### ASSIGNMENT OF ERROR II
THE TRIAL COURT ERRED IN MISCONSTRUING AND MISAPPLYING SECTION 4933.01 OF THE REVISED CODE AND ART. XVIII, SEC. 4 OF THE OHIO CONSTITUTION TO THE FACTS IN SUPPORT OF THE CAUSES OF ACTION OF PLAINTIFF WOODBRAN REALTY CORPORATION.

Appellant argues the trial court erred in granting the motion for summary judgment based on the court's misinterpretation of R.C. 4933.01 and art. XVIII, Sec. 4, Ohio Constitution. In support of assignments of error I and II, appellant advances several arguments, which we shall consider in turn.

### A.

As a matter of law, neither Sec. 4933.01, Revised Code, nor Art. XVIII, Sec. 4, Ohio Constitution, gives a village the absolute right to reject a sewer company's request to install sanitary sewers in the village when the sewer company has complied with every requirement necessary to install the sewers.

First, appellant argues that Art, XVIII, Sec. 4 and R.C. 4933.01 do not authorize the Village to deny the introduction of sanitary sewers to parts of the Village where the zoning codes require sanitary sewers for development and where the sewer company has complied with all of the Village's regulations. Second, appellant argues that R.C. 4933.01 evidences a state policy that sanitary sewers should be installed in municipalities which limits the municipalities' ability to exercise their rights under Art. XVIII, Sec. 4, Ohio Constitution. Third, appellant contends the Village may only exclude appellant if, and only if, the Village operates its own sewer service company. These arguments are not well taken.

Art. XVIII, Sec. 4 provides, in pertinent part, that:

"Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the products or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service."

The Ohio Supreme Court held that "contracting for public utility service is exclusively a municipal function under Section 4, Art. XVIII of the Ohio Constitution." *Village of Lucas* v. *Lucas Local School Dist.* (1982), 2 Ohio St. 3d 13. The court further held that "this exclusive power necessarily presumes that while being able to grant public utility franchises, a municipality may likewise exclude a public utility from serving its inhabitants." *Id.*, at 16. This power to contract or decline to contract for public utility services is "plenary." *Bravo-Doyle* v. *Village of Orrville* (1915), 93 Ohio St. 236, in the syllabus. Thus, the authority conferred by Art. XVIII, Sec. 4 "is beyond the pale of the General Assembly to limit, restrict, or otherwise control." *Board of County Comm'rs.* v. *City of Columbus* (1986), 26 Ohio St. 3d 179, 184. Consistent with this constitutional grant of authority to home rule municipalities, R.C. 4933.01 provides in pertinent part:

"(A) company organized for the purpose of supplying the inhabitants of a municipal corporation or township with sewage disposal services may supply said services *as required by such municipal corporation* or township for such or other purposes. Such [company] *may* lay conductors for conducting *** sewage *** through the streets, lands, alleys, and squares in such municipal corporation *with the consent of the municipal authorities* or the board of township trustees under such reasonable regulations as such authorities or board prescribes." (Emphasis added).

The wording of this statute clearly requires municipal consent before sewage lines can be extended or installed in a municipality.

Addressing appellant's first argument, the fact that the village's zoning ordinances require access to sewers for further development of some areas does not give appellant the right to install the sewers without the Village's consent. Furthermore, appellant's compliance with the Village's regulations imposes no obligation upon the municipality to grant its consent. We interpret the words "with the consent of the municipal authority" in R.C. 4933.01 as granting the municipality the right to refuse consent to lay sewer pipes in Village streets. Any other holding would violate appellee's home rule power to contract or decline to contract for public utility services. Art. XVIII, Sec. 4, Ohio Constitution. *Village of Lucas* v. *Lucas Local School Dist.*, *supra.*

Likewise, we can find no authority to support appellant's contention that R.C. 4933.01 espouses a state policy that municipalities should install sanitary sewers. R.C. 4933.01 is a regulation of private utility activity and nothing more. The wording of the statute reveals that companies "may" provide services with the municipalities' consent. Nowhere does it contain language which we can construe as compelling the municipalities to install sewers.

Finally, appellant argues that the supreme court's holding in *Lucas,* that a municipality has the "exclusive power to exclude a public utility from serving its inhabitants," applies only when a municipality operates its own utility. We find nothing in the holding in the *Lucas* case or in the language of Section 4, Art. XVIII that suggests appellant's assertion. Thus, these arguments are not well taken.

B.

Woodbran has standing to represent the interests of property owners in Orange Village who have made application to it for sanitary sewage disposal services to develop and improve their property under municipal zoning regulations which require sanitary sewers for development of their property.

Appellant's contention that it has standing in a representative capacity to advance an argument based on the Village's zoning code is without merit. Appellant is not association with standing to bring a legal action on behalf of its members. *See, F.O.P* v. *City of Columbus* (1983), 10 Ohio App. 3d 1, 2. Furthermore, we agree with the trial court that appellant has no individual property interest affected by the Village's zoning ordinances since appellant "does not allege that it owns or leases property in areas of appellee's municipality that are required by ordinance to have sanitary sewers."

C.

Section 4933.,01 does not permit a village to preclude a sanitary sewer company from extending its lines in streets through the village where the extension of such lines is necessary to provide sewage disposal and treatment services to residents of other municipalities.

Appellant argues that the Village's refusal to permit appellant to install additional lines within the Village's boundaries jeopardizes appellant's ability to provide utility services to customers outside of appellant's jurisdiction. Appellant contends the Village's actions violate the state interest protected by R.C. 4933.01 in favor of the installation of sanitary sewers throughout the state. As we previously stated, we cannot find that R.C. 4933.01 espouses a state policy that municipalities install sanitary

sewers. Furthermore, appellant has failed to demonstrate any evidence that the Village's refusal to consent to appellant will affect the quality of sewage disposal in other communities. Thus, this argument is not well taken.

Accordingly, assignments of error I and II are overruled.

### ASSIGNMENT OF ERROR III.
### THE TRIAL COURT ERRED IN HOLDING THAT WOODBRAN REALTY CORPORATION DID NOT HAVE PROPERTY INTERESTS THAT ARE PROTECTED BY THE DUE PROCESS CLAUSES OF THE U. S. CONSTITUTION AND THE OHIO CONSTITUTION.

Appellant contends it has a property interest in its Certificate of Public Convenience and Necessity and has property rights derived from well-established patterns of conduct.

Appellant's PUCO certificate gives appellant the legal capacity to contract with the Village. *Local Tel. Co.* v. *Cranberry Mutual Tel. Co.* (1921), 902 Ohio St. 524. The Village still has the power to choose to contract or decline to contract with appellant. *Village of Lucas.* v. *Lucas Local School Dist., supra.* Therefore, appellant cannot claim the Certificate is a property interest entitling appellant to install sewers in the municipality without the consent of the municipality.

Appellant also has no "property interest" as a result of any "well established pattern" of conduct. Appellant argues that since the Village consented to extensions of appellant's sewer lines in various streets in the past, it has somehow consented to all other streets in the Village.

Well-established patterns or mutual understandings in the nature of an implied contract may be the basis of a property interest. *Bara* v. *Aurora Civil Service Comm'n.* (N.D. Ill. 1983), 580 F. Supp. 212. If property or liberty interests were implied whenever a governmental entity had established certain procedures, these procedures could never be changed without running afoul of due process considerations. *Id.,* at 215.

In the instant case, R.C. 4933.01 expressly requires municipal consent before sewage lines can be extended in the municipality. Thus, appellant is not being deprived of some right previously held under state law. *See, Leis* v. *Flynt* (1979), 439 U.S. 445. Under R.C. 4933.01, the municipality is free to grant or deny appellant's requests. The fact that the municipality granted past requests does not now

prevent if from denying a request to install sewers in other areas of the Village. Therefore, we reject appellant's claim that a "property interest" was created from R.C. 4933.01 and the Village's pattern of consenting to requests. Appellant has failed to demonstrate any "property interest" based on federal law, and we find no federal challenge that applies in this case.

In conclusion, the trial court properly granted appellee's summary judgment on appellant's complaint because, as a matter of law, Art. XVIII, Sec. 4, Ohio Constitution and R.C. 4933.01 provide that appellant's right to install and expand its sanitary sewer system within the Village's municipal limits is subject to appellee's express consent.

Assignment of error number III is overruled.

*Judgment affirmed.*

DYKE, P.J.
ANN McMANAMON, J. Concur